## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| WHITNEA R. HARDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> WILLIAM R. HARDY, AMERICAN ) <br> STOCK TRANSFER & TRUST ) <br> COMPANY, L.L.C., A NEW YORK ) <br> LIMITED LIABILITY CORPORATION, ) <br> AND VANACORE INTERNATIONAL, ) <br> INC., A CALIFORNIA CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. 8:13-cv-00675-JDW-MAP |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HARDY TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Defendant WILLIAM L. HARDY ("Defendant HARDY"), by and through his undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and files this his Answer and Affirmative Defenses to the Complaint and Demand For Jury Trial of Plaintiff, WHITNEA R. HARDY ("Plaintiff"), and states as follows:

### ANSWER

In answer to the respectively numbered paragraphs of Plaintiff's Complaint, Defendant HARDY responds as follows:

**Preliminary Statement**

1. Denied as to each factual allegation specifically addressed to Defendant HARDY. As to all remaining allegations, Defendant HARDY is without knowledge and

therefore each is accordingly denied.

## General Allegations

2. Admitted.

3. Admitted, except that Defendant HARDY does not reside in Knoxville.

4. Defendant HARDY admits that Plaintiff is the granddaughter of Elmer and Eleanor Hardy, and that Plaintiff is the beneficiary with respect to certain stock certificates irrevocably transferred by Elmer Hardy to Defendant HARDY. As to the remaining allegations, Defendant HARDY is without knowledge and each is accordingly denied.

5. Defendant HARDY admits that Elmer Hardy is the paternal grandfather of Plaintiff, that Elmer Hardy entrusted Defendant HARDY with certain stock certificates for the benefit of Plaintiff and her siblings, and that Elmer Hardy died intestate in May 1989. As to the remaining allegations, Defendant HARDY is without knowledge and each is accordingly denied.

6. Defendant HARDY admits that Eleanor Hardy is the paternal grandmother of Plaintiff, but otherwise denied.

7. Denied.

8. Defendant HARDY admits that he served as a trustee of Eleanor Hardy's Trust established on October 1, 1990, in Martin County, Florida, and that Eleanor Hardy died on May 13, 1995, but as to the remaining allegations, Defendant HARDY is without knowledge and each is accordingly denied.

9. Admitted.

10. Without knowledge, accordingly denied.

11. Without knowledge, accordingly denied.

12. Denied.

13. Admitted, except that Defendant HARDY denies his claim is implausible.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Without knowledge, accordingly denied.

19. Admitted, except that Defendant HARDY is without knowledge as to the allegations in the third sentence concerning VANACORE, which accordingly are denied.

20. Denied.

21. Defendant HARDY admits that he engaged Defendant VANACORE's services, but otherwise denied.

22. Without knowledge, accordingly denied.

23. Without knowledge, accordingly denied.

24. Without knowledge, accordingly denied.

25. Admitted that Defendant HARDY, at Defendant VANACORE's request, signed a power of attorney, but otherwise denied.

26. Without knowledge, accordingly denied.

27. Without knowledge, accordingly denied.

28. Without knowledge, accordingly denied.

3

29. Without knowledge, accordingly denied.

30. Denied.

## The Defendants

31. Defendant HARDY admits that he resides in Oneida, Tennessee and is the son of Elmer and Eleanor Hardy and the uncle of Plaintiff, but Defendant HARDY is without knowledge as to the remaining allegations, which are accordingly denied.

32. Without knowledge, accordingly denied.

33. Without knowledge, accordingly denied.

## Jurisdiction and Venue

34. Denied.

35. Denied.

36. Denied.

37. As to the first Paragraph numbered 37:

    a. Without knowledge, accordingly denied.

    b. Denied;

    c. Denied;

    d. Denied;

    e. Denied;

    f. Denied;

    g. Denied.

37. As to the second Paragraph numbered 37 and all its various subparagraphs, Defendant HARDY is without knowledge and all are accordingly denied.

4

38. As to the first Paragraph numbered 38 and all its various subparagraphs, Defendant HARDY is without knowledge and all are accordingly denied.

### Facts Giving Rise to the Claims

38. As to the second Paragraph numbered 38, Defendant HARDY admits that his father, Elmer Hardy, entrusted him with various stock certificates to be held pursuant to three separate oral trusts for the respective benefit of Elmer Hardy's three grandchildren, but Defendant HARDY is without knowledge as to the remaining allegations, which are accordingly denied.

39. Denied.

40. Denied.

41. Admitted.

42. Defendant HARDY admits that he was named as successor Trustee of the Eleanor L. Hardy Revocable Trust of 1990, and that Eleanor Hardy died on May 13, 1995, but otherwise denied.

43. Admitted.

44. Without knowledge, accordingly denied.

45. Denied.

46. Without knowledge, accordingly denied.

47. Without knowledge, accordingly denied.

48. Without knowledge, accordingly denied.

49. Without knowledge, accordingly denied.

MER 545065 v2
2926473-000001 05/10/2013

50. Defendant HARDY admits that he received a letter from VANACORE enclosing a memorandum of understanding, but otherwise denied.

51. Defendant HARDY admits that he signed a memorandum of understanding and sent it to VANACORE, but otherwise denied.

52. Without knowledge, accordingly denied.

53. Without knowledge, accordingly denied.

54. Without knowledge, accordingly denied.

55. Without knowledge, accordingly denied.

56. Without knowledge, accordingly denied.

57. Without knowledge, accordingly denied.

58. Denied.

59. Without knowledge, accordingly denied.

60. Without knowledge, accordingly denied.

61. Without knowledge, accordingly denied.

62. Without knowledge, accordingly denied.

63. Without knowledge, accordingly denied.

64. Without knowledge, accordingly denied.

65. Without knowledge, accordingly denied.

66. Without knowledge, accordingly denied.

67. Without knowledge, accordingly denied.

68. Defendant HARDY admits that he continues to hold some property in trust for the benefit of Plaintiff, but otherwise denied.

### COUNT I - BREACH OF FIDUCIARY DUTY AGAINST HARDY

69. As to Plaintiff's alleged incorporation of paragraphs 1 through 70 (sic) of the Complaint, Defendant HARDY realleges and adopts again his respective responses to each incorporated paragraph.

70. Without knowledge, accordingly denied.

71. Admitted.

72. Denied.

73. Denied.

74. Denied.

### COUNT II - CONVERSION AGAINST HARDY

75. As to Plaintiff's alleged incorporation of paragraphs 1 through 70 (sic) of the Complaint, Defendant HARDY realleges and adopts again his respective responses to each incorporated paragraph.

76. Without knowledge, accordingly denied.

77. Denied.

78. Denied.

### COUNT III - BREACH OF CONTRACT AGAINST HARDY

79. As to Plaintiff's alleged incorporation of paragraphs 1 through 70 (sic) of the Complaint, Defendant HARDY realleges and adopts again his respective responses to each incorporated paragraph.

80. Without knowledge, accordingly denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

### COUNT IV - ACCOUNTING AGAINST HARDY

85. As to Plaintiff's alleged incorporation of paragraphs 1 through 70 (sic) of the Complaint, Defendant HARDY realleges and adopts again his respective responses to each incorporated paragraph.

86. Without knowledge, accordingly denied.

87. Without knowledge, accordingly denied.

### COUNT V - WRONGFUL ACT DOCTRINE AGAINST HARDY

88. As to Plaintiff's alleged incorporation of paragraphs 1 through 70 (sic) of the Complaint, Defendant HARDY realleges and adopts again his respective responses to each incorporated paragraph.

89. Denied.

90. Without knowledge, accordingly denied.

### COUNT VI - WELL MANAGED ACCOUNT DAMAGES AGAINST HARDY

91. As to Plaintiff's alleged incorporation of paragraphs 1 through 70 (sic) of the Complaint, Defendant HARDY realleges and adopts again his respective responses to each incorporated paragraph.

92. Denied.

93. Denied.

94. Denied.

## COUNT VII - BREACH OF FIDUCIARY DUTY AGAINST VANACORE

95-99.   Defendant HARDY has not been named as a defendant with respect to any of the allegations set forth in Paragraphs 95 through 99 of Plaintiff's Complaint, but to the extent an answer may be necessary on his part, all such allegations are denied.

## COUNT VIII - WRONGFUL ACTS DOCTRINE AGAINST VANACORE

100-102.   Defendant HARDY has not been named as a defendant with respect to any of the allegations set forth in Paragraphs 100 through 102 of Plaintiff's Complaint, but to the extent an answer may be necessary on his part, all such allegations are denied.

## COUNT IX - BREACH OF FIDUCIARY DUTY AGAINST AST

103-107.   Defendant HARDY has not been named as a defendant with respect to any of the allegations set forth in Paragraphs 103 through 107 of Plaintiff's Complaint, but to the extent an answer may be necessary on his part, all such allegations are denied.

## COUNT X - UNAUTHORIZED TRADING AGAINST AST

108-109.   Defendant HARDY has not been named as a defendant with respect to any of the allegations set forth in Paragraphs 108 through 109 of Plaintiff's Complaint, but to the extent an answer may be necessary on his part, all such allegations are denied.

## DEMAND FOR JURY TRIAL

110.   Defendant HARDY acknowledges Plaintiff's demand for jury trial, but does not concede that a jury trial of this action is proper.

MER 545065 v2
2926473-000001  05/10/2013

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

In paragraph 2 of Plaintiff's Complaint, she alleges herself to be a resident of Florida. In paragraph 31 of Plaintiff's Complaint she alleges Defendant HARDY must be deemed a citizen of Florida for purposes of 28 U.S.C. §1332 (c)(2). Given these facts, complete diversity is absent and this Court lacks jurisdiction to hear the matter pursuant to 28 U.S.C. §1332.

### Second Affirmative Defense

Plaintiff's Complaint fails to state a claim for relief against Defendant HARDY.

### Third Affirmative Defense

To the extent Plaintiff seeks relief under the Florida Uniform Transfer To Minors Act ("FUTMA"), Chapter 710, Florida Statutes (2012), the Complaint fails to allege that the FUTMA is applicable. Specifically, none of the allegations show that "*at the time of the transfer*, the transferor, the minor, or the custodian [was] a resident of this state or the custodial property [was] located in this state." *See* Fla. Stat. §§ 710.103(1) and 710.124 (emphasis added). Plaintiff has further failed to allege the applicability of the Uniform Transfers to Minors Act, the Uniform Gifts to Minors Act, or a substantially similar act, of another state, sufficient to permit enforcement in Florida. *See* Fla. Stat. §§ 710.103(3) and 710.124(2).

### Fourth Affirmative Defense

Defendant HARDY acted in strict accordance with the terms of the oral constructive trust agreement he entered into with the grantor, Elmer Hardy. Pursuant to

10

that oral constructive trust, Defendant HARDY was instructed not to transfer any of the respective custodial property to any of the grantor's grandchildren, including Plaintiff, until such time as Defendant HARDY could in his discretion determine that they were sufficiently mature and stable to handle a distribution and that it would make a difference in their lives.  Elmer Hardy, as grantor, instructed Defendant HARDY that the existence of the trust should remain confidential and that Defendant HARDY would have absolute discretion to determine the appropriate time to transfer to Plaintiff the custodial property with which the grantor has entrusted Defendant HARDY.  Moreover, Elmer Hardy expressly directed Defendant HARDY not to make distributions to any of the beneficiaries merely because they might become 21 years of age.  Defendant HARDY acted in good faith to the best of his ability to carry out the terms of his father's oral constructive trust.

**Fifth Affirmative Defense**

In dealing with the property entrusted to him, Defendant HARDY exercised that standard of care which should be observed by a prudent person dealing with property of another.  Defendant HARDY cannot be held liable for any depreciation of the property entrusted to him, which depreciation resulted from ordinary market conditions.  Even if it were applicable in this case, the FUTMA does not hold custodians to the same fiduciary standards regarding the selection of investments as are other fiduciaries.  Instead, the FUTMA expressly provides that a custodian "is not limited by any other statute restricting investments by fiduciaries." Fla. Stat. § 710.114(2) (2012).

11

**Sixth Affirmative Defense**

The mere designation on an account or the titling of property so as to ostensibly make it subject to FUTMA does not create a conclusive presumption of donative intent and applicability of the FUTMA. Extrinsic evidence may always be introduced to show mistake or otherwise demonstrate contrary intent despite ostensible compliance with FUTMA procedures. *See Golden v. Golden*, 434 So. 2d 978 (Fla. 3d DCA 1983). The grantor, Elmer Hardy, made a mistake in titling his stock certificates under FUTMA, and lacked the donative intent to create, a FUTMA custodianship with respect to the property he entrusted to Defendant HARDY for the benefit of Plaintiff. Accordingly, Defendant HARDY is not bound by and is not liable to Plaintiff under the provisions of the FUTMA.

**Seventh Affirmative Defense**

Plaintiff's claims against Defendant HARDY are barred by the statute of limitations. *See* Fla. Stat. § 95.11 (2012). The Complaint acknowledges that Plaintiff's mother Constance Hardy, an adult member of Plaintiff's family, became aware of the existence of the alleged custodian, the custodial property, and purported duties of the custodian as early as May 1996, while Plaintiff was a minor for purposes of the FUTMA. Plaintiff thus had constructive notice of the existence of the alleged custodian, custodial property, and purported duties of the custodian that Plaintiff now claims to have been breached. Plaintiff's mother should have informed Plaintiff of this information. Plaintiff failed to take any action until roughly 17 years after being given constructive knowledge of Defendant HARDY's alleged misfeasance, and nearly 15 years after Plaintiff turned

age 21, therefore Plaintiff's claims against Defendant HARDY are barred by the statute of limitations.

### Eighth Affirmative Defense

Any damages Plaintiff may have otherwise suffered must be reduced and mitigated so as not to unjustly enrich Plaintiff. The stock certificates of Elmer Hardy that were entrusted by him to Defendant HARDY for the benefit of Plaintiff depreciated in value as a result market conditions and the failure of a particular company that issued some of the stock, but not as a result of the personal fault of Defendant HARDY.

### Ninth Affirmative Defense

To the extent Plaintiff has sought any relief against Defendant HARDY as a result of Defendant HARDY having been named trustee of the Eleanor L. Hardy Revocable Trust of 1990, Plaintiff is not entitled to such relief because Plaintiff is not and has never been a beneficiary entitled to receive property from the Eleanor L. Hardy Revocable Trust of 1990.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant WILLIAM L. HARDY prays this Honorable Court will enter judgment in his favor and against Plaintiff, dismissing this action with prejudice as to Defendant HARDY, awarding him all costs and reasonable attorneys fees he may have incurred in connection herewith, and such other and further relief as this Court deems just and proper.

Dated: May 10, 2013.

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, PC**
        Bank of America Center
        390 North Orange Avenue
        Post Office Box 1549
        Orlando, Florida 32802
        Telephone: (407) 422-6600
        Telecopier: (407) 841-0325
        Counsel for Defendant William L. Hardy

        By: /s/ Donald E. Christopher
            Donald E. Christopher
            Florida Bar No. 250831
            *dchristopher@bakerdonelson.com*
            Marisa E. Rosen
            Florida Bar No. 73152
            *mrosen@bakerdonelson.com*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10 2013, I electronically filed the foregoing document with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Erin M. O'Toole, Esquire | Timothy A. Andreu, Esquire |
| Erin M. O'Toole, LLC | Glenn Rasmussen, P.A. |
| 111 2nd Ave NE, Suite 900 | 100 S. Ashley Dr., Suite 1300 |
| St Petersburg, Florida 337013474 | Tampa, Florida 33602 |
| *eotoole@emotoolelaw.com* | *tandreu@glennrasmussen.com* |

        /s/ Donald E. Christopher
            Donald E. Christopher