# UNITED STATES DISTRICT COURT

## IN AND FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

WHITNEA R. HARDY,

        Plaintiff,               Case No. 8:13-cv-00675-JDW-MAP

     vs.

WILLIAM R. HARDY, AMERICAN
STOCK TRANSFER & TRUST
COMPANY, L.L.C. A NEW YORK
LIMITED LIABILITY CORPORATION,
AND VANACORE INTERNATIONAL,
INC. A CALIFORNIA CORPORATION,

        Defendants.

_____/

## VANACORE INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Vanacore International, Inc. ("Defendant" or "Vanacore International") submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss plaintiff Whitnea Hardy's ("Plaintiff") Complaint as follows:

## I.
## INTRODUCTION

This Complaint arises from a dispute relating to several stock certificates, including shares entitling the holder to securities in United Illuminating Company ("UIL") that belonged to Elmer and Eleanor Hardy, Plaintiff's grandparents. Elmer

and Eleanor Hardy appointed William R. Hardy ("Defendant Hardy") as custodian of the shares for the benefit of Plaintiff and her two (2) siblings until they reached the age of majority (21 years old). (*See* Complaint "Com." ¶38.)

As set forth more fully below, Plaintiff's Complaint is fatally deficient, and may never be amended in order to satisfy the jurisdictional prerequisites of subject matter jurisdiction based on Article III "case and controversy" standing, legal capacity, and damages. Despite her personal animus against her uncle, Defendant William R. Hardy, Plaintiff may never escape her good fortune that the stock in question was held over time and resulted in a windfall to her because her UIL stock increased in value.

## II.
## STATEMENT OF FACTS

### A.    Summary of Dispute

Vanacore International is an asset recovery firm that specializes in locating missing owners/heirs and reuniting them with lost or unclaimed assets. (*See* Com. ¶¶ 18, 48, and 50.) Vanacore International does not fall within the legal definition, and is not a licensed transfer agent under 17 CFR § 240.17Ad-17, which applies only to "transfer agents," "brokers," and "dealers;" the corporation mainly "specializes in heir finding" exactly as alleged in the Complaint. (*See* Com., at ¶ 48.) The Complaint alleges that Vanacore International locates lost assets, and once found, finds the owners of the assets and reunites them with the assets for a 10% fee.

On or about December 8, 2010, Vanacore International sent a letter to Defendant Hardy advising him that it has located assets that were about to be escheated to the state. (*See* Com. ¶ 50.) The assets discovered were the shares of UIL left to Defendant Hardy as custodian for Plaintiff. On January 2, 2011, Defendant Hardy engaged the services of Vanacore International to recover the stock certificates that belonged to Defendant Hardy as custodian for Plaintiff and her two (2) siblings. (*Id.* at ¶ 51.)

In late 2011, Vanacore International recovered the stock certificates and was instructed to sell the UIL shares and send the proceeds to Defendant Hardy. On October 24, 2011, Defendant AST issued a check in the amount of $28,905.84, made payable to Defendant Hardy as custodian for Plaintiff. (*See* Com. ¶ 66.)

Vanacore International was contacted by Plaintiff and advised that she was over twenty-one (21) years old and should have been entitled to the stock certificates. In response, Vanacore International immediately returned the stock certificates to the transfer agent American Stock Transfer & Trust Company, L.L.C. ("AST").

**B.      The Parties.**

Vanacore International is a corporation domiciled and with its principal place of business in the State of California. (*See* Com. ¶ 32.) Defendant AST is a limited liability company organized and existing under the State of New York. (*See* Com. ¶ 33.)

Although Plaintiff alleges complete diversity of citizenship (Com. ¶ 34.), both Plaintiff Whitnea R. Hardy and Defendant William R. Hardy are alleged in the Complaint to reside in and are citizens of the State of Florida. (*Id.* at ¶ 31, 35.) The face of the Complaint states that diversity does not exist among the parties, two of whom (Plaintiff and one Defendant) are both citizens of the State of Florida.

## C.      The Amount in Controversy.

This action is based on 869 shares of United Illuminating Company stock. ("AST sold 869 electronic UIL Shares…without her knowledge or consent." Com. ¶ 65.) Upon sale, the shares totaled $28,905.84. (*Id.* at ¶ 65-66.) Vanacore International was retained by Defendant Hardy to recover the unclaimed funds and in return, was allegedly paid a 10% finder's fee (*Id.* at ¶ 51.), or $2,890.58.

However, immediately upon being alerted of the status of Plaintiff Hardy by AST, Vanacore International returned the stock certificates to the transfer agent AST. Vanacore International did not charge its finder's fee and received nothing. (*See* Vanacore International's Request for Judicial Notice ("RFJN"), Ex. A.) The Court may reasonably infer that Plaintiff either has, or may claim her stock from the transfer agent AST.

It is judicially noticeable that Plaintiff seeks to hold Vanacore International responsible for the $28,905.84, which is admittedly not in possession of Vanacore International (*See* RFJN, Ex. A.). More importantly, the face of the Complaint does not allege a sufficient amount in controversy to sustain diversity

jurisdiction. Elsewhere in the Complaint, Plaintiff appears to make an effort to cure this fatal deficiency by alleging that she "…has sustained damages in excess of $75,000, including student loans in excess of $50,000.00, interest in the amount of lost income, loss of appreciation of stock, prejudgment interest dating back to March 1, 1998, potential tax penalties for seventeen (17) years, and attorney's fees and costs incurred." (*See* Com. ¶ 30.)

Plaintiff does not explain or allege causation (i.e.; why Vanacore International is responsible for Plaintiff's student loans, loss of appreciation, taxes, etc., when elsewhere, she alleges that Vanacore International is only a "finder." (*See* Com. at ¶¶ 18, 48, and 50.).) Plaintiff fails to allege how Vanacore International is responsible for $50,000.00 in attorney's fees and costs, when the sum total of legal work consists of the Complaint, and approximately three (3) letters discussed in the Complaint.

Further, and most important to all Defendants, is that the shares of stock increased in value over time, while Plaintiff alleges that she should have received the stock and would have sold the stock at an earlier point in time. (*See* RFJN, Ex. B.) in other words, Plaintiff made money from her UIL stock that was held for her.

### III.
### ARGUMENT

#### A.    Legal Standard Regarding Motions To Dismiss.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (*See* Rule 8(a), Fed. Rules of Civ.

Pro.) The instant Complaint fails to state what relief Plaintiff would be entitled to against Defendant Vanacore International, since she made money, and receive her stock certificates back from Defendant.

Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, without leave to amend because, even assuming the truth of their material allegations, "there is no congnizable legal theory" that would entitle Plaintiff to relief. (*See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); see also *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).)

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may also be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a)(1), i.e., lack of federal jurisdiction appears from the "face of the complaint." (*See Morrison v. Amway Corp.,* 323 F3d 920, 924 (11th Cir. 2003) *fn. 5*; *see also Warren v. Fox Family Worldwide, Inc.,* 328 F3d 1136, 1139 (9th Cir. 2003).)

A Rule 12(b)(1) motion should only be granted, however, if it "appears certain" that plaintiff cannot prove any set of facts in support of his or her claim entitling plaintiff to relief. (*See In re FEMA Trailer Formaldehyde Products Liab. Litig,.* 668 F3d 281, at 287 (5th Cir. 2012).)

## B. Plaintiff Fails To Allege, And Is Foreclosed From Alleging That This Court Has Subject Matter Jurisdiction.

Although a defendant is usually the moving party on a Rule 12(b)(1) motion, the plaintiff is the party who invokes the court's jurisdiction. Accordingly, a plaintiff bears the burden of establishing federal subject matter jurisdiction. In

effect, the court presumes lack of jurisdiction until plaintiff proves otherwise. (*See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 376–378 (1994); *Stock West, Inc. v. Confederated Tribes of Colville Reservation,* 873 F2d 1221, 1225 (9th Cir. 1989); *Castro v. United States*, 608 F3d 266, 268 (5th Cir. 2010).)

The Complaint alleges 28 U.S.C. 1332 diversity jurisdiction, but the face of the same pleading does not allege, and can never allege, the facts necessary to support diversity jurisdiction. Section 1332 requires that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." (*See* 28 U.S.C. 1332 (a) and (a)(1).)

## 1.     There Is No Diversity of Citizenship

A complaint that fails to allege both (1) diversity of citizenship, and (2) the proper amount in controversy in excess of $75,000.00, is subject to a Rule 12(b)(1) "facial attack." (*See Rilling v. Burlington Northern R.R. Co.,* 909 F2d 399, 401 (9th Cir. 1990).)

The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship defeats federal diversity jurisdiction. (*See* 28 U.S.C. § 1332; *Bouie v. American General Life*, 199 F.Supp.2d 1259 (N.D. Flo. 2002)(citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806).).)

Even if the controversy is primarily between citizens of different states, if a properly joined defendant is a citizen of the same state as one of the plaintiffs,

then there is no federal diversity jurisdiction. (*See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 562 (2005)(inclusion of non-diverse party "contaminates" complaint.).)

Plaintiff alleges that she is a citizen of St. Petersburg, Florida. (*See* Com. ¶ 23.) Vanacore International is a corporation organized and existing under the laws of the State of California. (*Id.* at ¶ 32.) Defendant AST is a limited liability company organized and existing under the laws of the State of New York. (*Id.* at ¶ 33.) Although Vanacore International and AST are citizens of different states, Plaintiff alleges that Defendant William R. Hardy is a citizen of Florida, the same state as Plaintiff. (*See* Com. ¶ 31, 35.)

Based on the foregoing and Plaintiff's allegation on the face of the Complaint, the requisite diversity under 28 USC § 1332 does not exist, and will never exist by Plaintiff's own admission.

**2.    Plaintiff Fails To Allege An "Amount In Controversy" In Excess Of $75,000.00**

Diversity jurisdiction exists only "…where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." (*See* 28 U.S.C. § 1332(a); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)("…amount-in-controversy threshold an ingredient of subject-matter jurisdiction.").)

The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action.

(*See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347–348 (1977).)

This action is based on 869 shares of UIL stock. (*See* Com. ¶ 65.) Upon sale, the shares totaled $28,905.84. (*Id.* at ¶ 66; RFNJ Ex. A) Vanacore International was retained by Defendant Hardy to recover the unclaimed funds and in return, was to be paid a mere 10% finder's fee (*Id* at ¶ 51.), or $2,890.58.

As set forth succinctly above and confirmed by her own admission in the Complaint, the controversy that Plaintiff bases her Complaint upon is the $28,905.84 worth of stocks that were sold. (*See* Com. ¶ 66.)

The Controversy involving Vanacore International is far below the jurisdictional minimum. Further, Vanacore International  transferred the shares back to the transfer agent and the Plaintiff. (*See* RFJN, Ex. A.)

Based on the foregoing, the property that is subject to the action does not meet the jurisdictional requirements set forth in 28 USC § 1332(a) and *Arbaugh v. Y & H Corp.,* 546 U.S. at 514, *supra.*

**C.     Plaintiff Lacks Article III Standing Because Her Claims Against Vanacore International Are Moot.**

Article III's "case or controversy" requirement confines the power of the federal judiciary to situations in which a plaintiff has standing to bring suit. (*See Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009).) A plaintiff bears the burden of showing that she has standing for each form of relief sought. (*Summers v. Earth Island Inst.*, 555 U.S. at 495, *supra*.) At the motion to dismiss stage, a plaintiff must at least offer "general factual allegations" that would, if

proven, establish standing. (*See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).) When the plaintiff lacks statutory standing to sue, the case is properly dismissed for failure to plead a proper cause of action. (*See Roberts v. Hamer,* 655 F.3d 578, 581-85 (6th Cir. 2011).)

The Supreme Court of Florida holds that "[a]n issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect," and "[a] case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." (*See Godwin v. State,* 593 So.2d 211, 212 (Fla. 1992).)

As set forth above and in the accompanying Request for Judicial Notice, Vanacore International promptly returned the UIL shares to the transfer agent AST upon being alerted of Plaintiff's concerns.

Further, the UIL shares of stock in question have increased in value during the period of time that Plaintiff claims she would have taken possession of the stock and sold it, so that Plaintiff cannot, and may never, allege damages based on the increased value of her stock holdings. (*See* Argument, Section E, *infra.*) Finally, the Complaint alleges that while Vanacore International performed work that reunited the individual listed as trustee, Vanacore International received no compensation. (*See* RFJN, Ex. A.)

Based on the foregoing, Plaintiff lacks standing and her claims against Vanacore International are moot.

**D.    Vanacore International Owed No Fiduciary Duty To Plaintiff Based On The Arms Length Transaction With Defendant Hardy**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. (*See Navarro v. Block*, 250 F.3d 729, 731(9th Cir. 2001).) A plaintiff's obligation is to provide the grounds of her entitlement to relief and requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. (*See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).)

Plaintiff asserts two (2) claims against Vanacore International. First, a claim for Breach of Fiduciary Duty. (*See* Com. ¶¶ 95-99.) Second, a claim for Attorney's Fees under the "Wrongful Act Doctrine" wholly based on the Breach of Fiduciary Duty claim. (*Id.* at ¶¶ 100-102.) Plaintiff alleges that she was owed a fiduciary duty based on 17 CFR § 240.17Ad-17, a statute designed to govern transfer agents, such as Defendant AST. (*Id.* at ¶ 18.) Plaintiff cannot allege that Vanacore International is a licensed transfer agent, and she provides no authority under which Vanacore International owes a fiduciary duty. To the contrary, Plaintiff repeatedly admits that Vanacore International is not a transfer agent, but is a finder of lost and unclaimed property. (*Id.* at ¶¶ 18, 48, and 50 (Vanacore International "specializes in heir finding").)

Based on the foregoing, Plaintiff's claims fail as she was owed no duty by Vanacore International as a matter of law.

**E.    Plaintiff Has Not And Cannot Allege That She Has Been Damaged By Vanacore International**

Damages are an essential element of each of Plaintiff's claims. (*See Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342 (2005) (securities fraud).)

Plaintiff alleges that she suffered damages by purportedly missing out on "appreciation of stock." (*See* Com. at ¶ 30.)

Plaintiff's assertion that she missed out on "appreciation of stock" is untenable. Plaintiff has enjoyed a windfall of the sort a long term holder like Plaintiff can only dream of – the stock was held for years and was cashed out at a higher price through sheer fortuity.

A long line of cases, stretching back at least to the United States Supreme Court's decision in *Gallagher v. Jones*, 129 U.S. 193 (1889), makes clear that Plaintiff cannot recover for "growth in the stock" in the face of these dispositive admissions. These cases hold that, in an appropriate case, the measure of damages for a conversion and sale of stock is "the difference between the [stock's] liquidation price and the highest intermediate price reached by the [stock] during a reasonable period" after the plaintiff learned of the liquidation, because that difference represents the maximum economic cost to the plaintiff of promptly restoring its stock position. (*See Letson v. Dean Witter Reynolds, Inc.*, 532 F. Supp. 500, 503 (N.D. Cal. 1982).)

As set forth above and in the accompanying Request for Judicial Notice, Vanacore International promptly returned the UIL shares to the transfer agent upon being alerted of Plaintiff's concerns. (*See* RFJN, Ex. A.)

Further, the UIL shares of stock in question have increased in value during the period of time that Plaintiff claims she would have taken possession of the stock and sold it, so that Plaintiff cannot, and may never, allege damages against

Vanacore International based on the increased value of her stock holdings. Finally, the Complaint alleges that while Vanacore International performed work that reunited the individual listed as trustee, Vanacore International received no compensation, and returned the shares of stock in question. (*See* RFJN, Ex. A.)

Based on the foregoing, Plaintiff's claims against Vanacore International fail as she cannot allege that she has been damaged.

## IV.
## CONCLUSION

The Complaint is fatally deficient and may never be amended in order to satisfy the jurisdictional prerequisites of subject matter jurisdiction and Article III "case and controversy" standing, legal capacity, and damages. Despite her personal animus against her uncle, Defendant William R. Hardy, Plaintiff may never escape her good fortune that the stock in question was held over time and resulted in a windfall to her.

Based on the foregoing, Plaintiff's Complaint against Vanacore International must be dismissed in its entirety, without leave to amend.

Respectfully submitted this 10th day of September, 2013.

By: /s/ Patrick D. Coleman
    PATRICK D. COLEMAN
    Florida Bar No. 136400
    GRAYROBINSON, P.A.
    50 N. Laura Street, Suite 1100
    Jacksonville, FL 32202
    Telephone: (904) 598-9929
    Facsimile: (904) 598-9109
    Email: Patrick.coleman@gray-robinson.com

    WILLIAM W. PALMER
    *Pro Hac Vice* Pending
    California Bar No. 146404
    PALMER LAW GROUP
    2443 Fair Oaks Blvd., No. 545
    Sacramento, California 95825
    Telephone: (916) 972-0761
    Facsimile: (916) 972-0877
    Email: wpalmer@palmercorp.com

    Attorneys for Defendant
    Vanacore International, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been filed electronically this 10th day of September, 2013, via CM/ECF which will send notice of electronic filing of the foregoing to Erin M. O'Toole, Esq., at eotoole@emotoolelaw.com, counsel for Plaintiff, dchristopher@bakerdonelson.com, mrosen@bakerdonelson.com, counsel for Defendant William R. Hardy, tandreu@glennrasmussen.com, counsel for American Stock Transfer.  In addition, I hereby certify that a copy of the foregoing has been served via U.S. Mail on Michael H. Gibson, counsel for American Stock Transfer via facsimile at (212) 818-9606.

    /s/ Patrick D. Coleman
    Attorney