UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITNEA R. HARDY,

    Plaintiff,

v.                                        Case No.:  8:13-cv-00675-T-27MAP

WILLIAM R. HARDY et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Vanacore International, Inc.'s Motion to Dismiss Plaintiff's Complaint (Dkt. 37). No response has been received and the motion is therefore deemed unopposed. Upon consideration, the motion (Dkt. 37) is GRANTED.

Subject-matter jurisdiction based on diversity of citizenship exists where the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). Each plaintiff must be diverse from each defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Citizenship is based on an individual's state of domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotations and citations omitted).

Citizenship, not residence, "is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). The Complaint (Dkt. 1) alleges that Plaintiff "is a resident of Florida and has been a resident of Pinellas County for over three (3) years." Dkt. 1 ¶ 2. By alleging Plaintiff's residence rather than citizenship, the Complaint does not allege diversity of citizenship and must be dismissed. *See Beavers v. A.O.*

*Smith Elec. Prods. Co.*, 265 Fed. Appx. 772, 778 (11th Cir. 2008) (affirming dismissal for lack of diversity jurisdiction where complaint listed residences of plaintiffs, but did not allege citizenship).

Even if the Complaint could be construed as alleging Plaintiff is a citizen of Florida, it would still be subject to dismissal. The Complaint alleges Defendant William Hardy "is the legal representative of the estate of Eleanor Hardy . . . and therefore shall be deemed to be a citizen of Florida." Dkt. 1 ¶ 31.[1] This allegation is consistent with 28 U.S.C. § 1332(c)(2), which states, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." Because it appears on the face of the Complaint that Plaintiff and William Hardy are non-diverse citizens of Florida, the Complaint must be dismissed for lack of subject-matter jurisdiction.

Accordingly, Vanacore International, Inc.'s Motion to Dismiss Plaintiff's Complaint (Dkt. 37) is **GRANTED**.[2] The Complaint (Dkt. 1) is **DISMISSED** *without prejudice*.[3] The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 15th day of October, 2013.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

---

[1] The allegation that William Hardy is the legal representative of the decedent's estate is supported by the factual allegations of the Complaint. *See* Dkt. 1 ¶¶ 7, 8.

[2] The Request for Oral Argument (Dkt. 39) is DENIED.

[3] *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008) (dismissal for lack of subject matter jurisdiction is without prejudice); *Guthrie v. United States*, 522 Fed. Appx. 653, 654 (11th Cir. 2013) ("If the district court intended to dismiss Guthrie's complaint for lack of subject matter jurisdiction . . ., that dismissal should have been without prejudice.").